IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| NOEL M. SCHMID,<br><br>            Plaintiff,<br>        v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>            Defendant. | CIVIL NO. C04-5517FDB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for September 23, 2005 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Magistrates Rule MJR 4(a)(4), and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been fully briefed. After reviewing the record, the undersigned recommends that the decision of the Commissioner be REMANDED for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Noel Schmid protectively filed an application for Social Security Disability Benefits

REPORT AND RECOMMENDATION - 1

on August 28, 2000, alleging that she has been disabled under the Social Security Act since June 3, 1998 [Tr. 26, 66-68] as the result of a motor vehicle accident on October 1, 1997 [Tr. 145]. Schmid was awarded long-term disability benefits from her insurance company, commencing September 11, 1998. {Tr. 396]. Schmid alleges disability due to fibromyalgia, general anxiety disorder, PTSD, cervical and thoracic strain, neck pain, headaches. Her application was denied initially [Tr. 43-46], and on reconsideration [Tr. 48-50]. Upon further request a hearing was held before an ALJ on November 26, 2002 [Tr. 604-667]. A written decision denying benefits issued on March 13, 2003. (Tr. 23-38). The Appeals Council denied review on June 2, 2004 [Tr. 8-10], making the decision of the ALJ the final decision of the Commissioner for the purpose of judicial review. 20 C.F.R. §404.981, §422.210; Sims v. Apfel, 120 S.Ct. 2080, 2083 (2000). [Tr. 8-11]. Ms. Schmid timely filed this appeal.

## DISCUSSION

The Court may set aside the Commissioner's denial of Social Security disability benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. 42 U.S.C. §405(g); Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). We consider the evidence as a whole, weighing both evidence that supports, and evidence that detracts from the Commissioner's conclusion. Smolen v. Chater, 80 F.3d 1273 (9th Cir. 1996). Credibility determinations are the province of the ALJ. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). We must uphold the ALJ's decision where the evidence is reasonably susceptible of more than one rational interpretation. Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984).

Sequential Evaluation Process

To establish eligibility for benefits, the claimant bears the burden of proving an "inability to

REPORT AND RECOMMENDATION - 2

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which...has lasted, or can be expected to last for a continuous period of not less than twelve months[.]" 42 U.S.C. § 423(d)(1)(A).     In evaluating a disability claim, the ALJ must follow the five-step sequential evaluation process for determining whether the claimant has met this burden. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999); 20 C.F.R. 404.1520. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920 (2000). The Plaintiff has the burden of proof at steps one through four. If Plaintiff cannot perform her past relevant work, the burden shifts to the Commissioner at step five to show that Plaintiff can perform work that exists in significant numbers in the national economy.

## DISCUSSION

Findings of Administrative Law Judge

Plaintiff contends that the ALJ's finding that she is not disabled is not supported by substantial evidence. The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. [Tr. 38, F. 2]. At step two, the ALJ found Plaintiff's back disorder and headaches to be medically severe impairments [Tr 38, F. 3], and her affective disorder as evaluated under Listing 12.04 as non-severe. [Tr. 34]. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal one of the listings in Appendix 1, Subpt. P to 20 C..F.R. 404. [Tr. 34, 38, F. 4]. At step four, the ALJ found that claimant has the residual functional capacity to perform a full range of sedentary and light work, and her back impairment and headaches do not prevent the claimant from performing her past relevant work as an Insurance Account Administrator. [Tr. 38, F. 9].

Parties Positions

Ms. Schmid alleges that the ALJ failed to properly consider the opinions of her treating and examining physicians, physical therapists and chiropractor; failed to properly consider her testimony regarding her limitations and symptoms; failed to find that she suffered from severe fibromyalgia,

REPORT AND RECOMMENDATION - 3

chronic pain disorder, depression, and anxiety; improperly determined her residual functional capacity; and erred in determining that she can perform her past relevant work. The Commissioner contends that the ALJ's decision is supported by substantial evidence.

<u>Consideration of Treating and Examining Physicians Opinions</u>

Generally, the opinion of a treating or examining physician is accorded more weight than the opinion of one who has never examined the claimant. <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th Cir. 1987). The uncontradicted opinion of a treating physician may be rejected only for "clear and convincing" reasons. <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1396 (9th Cir. 1991). Even if the doctor's opinion is contradicted, it may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. <u>Murray v. Heckler</u>, 722 F.2d 499, 502 (9th Cir. 1983). The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies rejecting the opinion of either an examining, or treating physician. <u>Lester v. Chater</u>, 81 F.3d 821, 831 (9th Cir. 1996). Instead, the ALJ must identify specific, legitimate reasons supported by substantial evidence in the record. <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1043 (9th Cir. 1995).

The ALJ rejected the narrative question and answer oral medical reports completed by Dr. Nehls, Dr. Brose, and Cynthia Edwards solely because they were garnered through attorney referral and in connection with various lawsuits, "with little in way of actual physical examination of the claimant." [Tr. 30]. In the absence of other evidence to undermine the credibility of a medical report, the purpose for which the report was obtained does not provide a legitimate basis for rejecting it. <u>Reddick v. Chater</u>, 157 F.3d 715, 726 (9th Cir. 1998).

<u>Daniel Nehls, M.D. and David Brose, M.D.</u>

Daniel Nehls, M.D. diagnosed Plaintiff with acute S-1 radiculopathy, which agreed with the diagnosis of J. Lee, M.D., the emergency room physician that treated plaintiff after the accident. [Tr. 30]. Dr. Nehls performed a microdiscectomy on Plaintiff in June 1998. [Tr. 147, 153]. In his September 14, 1999 oral report, Dr. Nehls stated that claimant "may have had some permanent

REPORT AND RECOMMENDATION - 4

nerve root injury", and opined that following surgery, Plaintiff would have difficulty with repetitive bending, heavy lifting, extended sitting at a computer, or extended driving. [Tr. 339].

Psychologist David Brose, M.D. treated Plaintiff for several months beginning in November 1998. He diagnosed Plaintiff with specific driving phobia, panic attacks, and generalized anxiety disorder. [Tr. 220-29]. The fact that Dr. Brose and Dr. Nehls gave opinions at the request of Plaintiff's attorney does not undermine either the credibility of their medical reports, or the weight of their determinations. Their diagnoses are supported by objective medical evidence in the record. Dr. Brose's diagnosis is consistent with both Dr. Konikow, and Dr. Boltwood. Their clinical findings are uncontradicted, and there is no evidence of impropriety. The ALJ failed to give specific, legitimate reasons for rejecting the opinions of Dr. Brose and Dr. Nehls.

Cynthia Edwards, M.D.

On April 28, 2002, Dr. Edwards completed a form for Plaintiff's continued eligibility for long-term disability insurance. [Tr. 517-18]. Dr. Edwards gave Plaintiff a poor prognosis for recovery, with continued chronic pain, and disability. [Tr. 518]. She stated that Plaintiff could sit and stand for one hour, and walk for 20 minutes in an 8-hour period. Id. The ALJ rejected the report, stating correctly that Edwards' opinion "appeared to be based on the claimant's subjective complaints" regarding her ability to use a computer, and difficulty sitting, standing, climbing stairs, and maintaining balance. [Tr. 33].

In her November 11, 2002 medical source statement, Dr. Edwards diagnosed cervical strain syndrome with neck pain, headaches, status post L5-S1 discectomy, chronic pain with depression and PTSD with anxiety. Dr. Edwards indicated that due to chronic neck pain and headaches, Plaintiff had a moderately severe limitation in her ability to maintain concentration and attention, and was severely limited in her ability to perform activities within a schedule, and to complete a normal workday or workweek without interruptions from psychologically based symptoms, and to perform at a consistent pace without an unnecessary number or length of rest periods. [Tr. 553-554].

REPORT AND RECOMMENDATION - 5

Edwards declined to rate Plaintiff's physical exertional limitations on the ground that she lacked the necessary expertise. [Tr. 548-52].  In both instances, Dr. Edwards fails to identify any clinical or laboratory findings, or specific treatment records as a basis for her opinion. The ALJ stated that a "check-the-box form, standing alone without supportive evidence, is entitled to little probative weight." [Tr. 33].  See Crane v. Shalala, 76, F.3d 251 (9th Cir. 1996) The ALJ did not err in rejecting these reports.

Dr. Boltwood, Ph.D.

Dr. Boltwood performed a psychological evaluation of Plaintiff in December 1999. [Tr. 359-61]. He diagnosed Plaintiff with major depression, generalized anxiety disorder and specific driving phobia. He also stated that the combined physical, psychological and functional consequences of the claimant's MVA had a dramatic negative impact on her life. [Tr. 359-61].  The ALJ declined to give Dr. Boltwood's opinion significant weight [Tr. 361], finding that his opinion was based primarily on Plaintiff's subjective report of symptoms and limitations, which the ALJ found not credible, and that his opinion was "not well supported" and "quite conclusory". [Tr. 31].  The ALJ need not accept a treating physician's opinion which is "brief and conclusory in form with little in the way of clinical findings to support its conclusion".  Magallanes v. Bowen, 881 F.2d 747 (9th Cir. 1989) citing Young v. Heckler, 803 F.2d 963, 968 (9th Cir. 1986).

Dr. Boltwood based his opinion on interviews with Plaintiff and her husband regarding her symptoms and limitations, his observation of her mood and affect during the interview, and a review of her medical records. He concluded that Plaintiff met the diagnostic criteria for major depressive disorder, generalized anxiety disorder, and specific driving phobia.  The Commissioner also argues that Dr. Boltwood did not cite any functional limitations resulting from Plaintiff's impairments.  This reason was not given by the ALJ, however as a ground for rejecting Dr. Boltwood's opinion.  A court cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision. Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001), citing SEC v. Chenery Corp., 332

REPORT AND RECOMMENDATION - 6

U.S. 194, 196 (1947). The ALJ erred in rejecting Dr. Boltwood's opinion.

Joel Konikow

Joel Konikow, M.D., performed an independent orthopedic and neurological medical evaluation of Plaintiff on March 29, 1999 at the request of Safeco insurance. [Tr. 175-87]. His exam noted decreased range of motion and positive straight leg testing (Tr. 180). She had persistent sacral pain with radiculopathy to the right leg and foot. Her gait, upper and lower extremities measurements and strength were normal. Id. Dr. Konikow diagnosed Plaintiff with cervical, thoracic and lumbosacral sprain, herniated disc at L5-S1, chronic intermittent headaches secondary to cervicogenic pain, and posttraumatic stress disorder with features of anxiety, fear and panic while driving. [Tr. 175-187]. He noted decreased limitation in motion, normal trunk rotation. [Tr. 180]. Konikow expressed the possibility that Plaintiff "will have a permanent impairment from this accident". [Tr. 182].

John Huddlestone, M.D., Neurologist

Dr. Huddlestone treated Plaintiff between June 1999 and October 1999. He diagnosed Plaintiff with PTSD, migraines, and chronic daily headaches due to muscle tension. By August, her daily headaches and migraines had improved with amitriptyline. In September, her headaches were less frequent, she had less anxiety on Zoloft, and her pain was less intense in her low back and neck. In October 1999, her neurological exams were reportedly within normal limits, and her migraine and daily chronic headaches were stable and less intense. Her motor and gait exams were normal. [Tr. 341].

Aziz Maksoud, M.D.

In January 2001, Dr. Maksoud performed a physical consultative examination of Plaintiff. [Tr. 414-20]. He identified trigger points over Plaintiff's mid lower back area, trapezius muscle areas and posterior neck. [Tr. 418]. Major strength and muscle tone were normal. Plaintiff had no problem ambulating, and gait was normal. Straight leg raising was negative in sitting and supine

REPORT AND RECOMMENDATION - 7

positions. He diagnosed tension headaches, migraines, chronic neck pain, cervical spine sprain, possible fibromyalgia with some limitations, and depression with PTSD. [Tr. 419]. In his opinion, Plaintiff's ability to stand, sit, and walk in an 8-hour day with normal breaks was not limited, and she could carry 20-30 pounds occasionally and frequently. [Tr. 23F].

Other Sources

The ALJ rejected the opinions of Certified Sr. Disability Analyst & Human Performance Specialist Theodore Becker, Ph.D., Physical Therapist Craig Taft, and Dennis Long, Chiropractor, because their narrative reports were prepared in anticipation of litigation. Once again, the purpose for which the report was obtained does not provide a legitimate basis for rejecting it. Reddick v. Chater, 157 F.3d 715, 726 (9th Cir. 1998). The ALJ also determined that the reports of Mr. Long and Mr. Taft were not entitled to significant probative weight because they were not "acceptable medical sources." [Tr. 32].

The ALJ is required to evaluate every medical opinion received. 20 C.F.R. § 404.1527(d). Medical opinions include "statements from physicians and psychologists and other acceptable medical sources." 20 C.F.R. § 404.1527(a)(2) and § 404.1513(a). Craig Taft and Dennis Long qualify as other medical sources. 20 C.F.R. § 404.1513(d)(1). The ALJ may use evidence from other sources to show the severity of claimant's impairment, and how it affects her ability to work. 20 C.F.R. § 404.1513(d). Because Becker, Taft, and Long are not medical providers, they are incompetent to provide diagnoses or medical opinions. 20 C.F.R. § 416.913(a). Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). Their testimony is treated as any other lay witness. The ALJ can reject lay witness testimony by providing "germane reasons for doing so". Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001).

Long's "oral medical report" stated that Plaintiff's impairments would interfere with her normal job duties, and that she was "predisposed to permanent disability" [Tr. 244]. He also stated that she could not work at a job requiring long periods of sitting or postural changes [Tr. 246]. Lay

REPORT AND RECOMMENDATION - 8

witness testimony as to a claimant's symptoms is evidence that the ALJ must consider unless he expressly disregards it and gives reasons germane to each witness. Lewis v. Apfel, 236 F.3d at 511. Long's opinion falls outside of proper lay witness testimony. The ALJ stated germane reasons for not giving Long's opinion probative weight.

The ALJ rejected two physical capacity evaluations by Dr. Becker which concluded that Plaintiff could not tolerate full-time work due to overall fatigue effect and decreasing functions over time, with inability to maintain activities. [Tr. 188-200, 490-503]. In his oral medical report dated September 10, 1999, Becker stated that Plaintiff had "considerable restrictions" {Tr. 322], and could only work part-time at best [Tr. 329]. The Commissioner's brief states that Dr. Becker's evaluations and medical reports "suffer from the same infirmities as Dr. Long's" (Defendants Opening Brief at 19). Although the ALJ's decision does not expressly state that Becker's opinion was rejected because he is not an acceptable medical source, it is reasonable inferred, in that the ALJ relied on the Medical Expert's statement that "Becker...is not a medical doctor and this person relied on a videotape in his evaluation and did not examine the claimant." [Tr. 34]. This is incorrect. Becker did conduct an exam of Plaintiff's strength and joints, which included a videotaped analysis of Plaintiff's abilities. The ALJ also asserts that Becker's testimony is contradicted by the medical evidence, as noted by Dr. Nelp. Lay witness testimony that is contradicted by medical evidence is properly rejected. Lewis, 236 F.3d at 511. Dr. Nelp testified, as noted by the ALJ, that Plaintiff's fatigue issues noted by Becker were related to deconditioning, not her impairments. [Tr. 36, 663]. The ALJ gave germane reasons for rejecting Dr. Becker's testimony.

The final reason stated by the ALJ for rejecting Craig Taft's testimony is his "limited recent contact" with the claimant. [Tr 32].[1]  Taft last treated Ms. Schmid in March 2001, although he performed a detailed evaluation on September 24, 2001. [Tr 478-81]. This is a germane reason

---

[1] The report referred to at ex. 30F is actually dated October 19, 2001.

REPORT AND RECOMMENDATION - 9

for not according his testimony significant weight.

## CONCLUSION

Based on the foregoing discussion, the Court should find that a remand for further proceedings is appropriate to allow a different ALJ the opportunity to complete and cure the administrative review process. The administration must re-evaluate the medical evidence and reconsider each of the five steps in the evaluation process, to include an assessment plaintiff's credibility and residual functional capacity.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Tomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on *September 23, 2005* as noted in the caption.

DATED this 9th day of September, 2005.

/s/ J. Kelley Arnold
J. Kelley Arnold
U.S. Magistrate Judge

REPORT AND RECOMMENDATION - 10